### LUMBERMEN'S MUT. INS. CO. OF MANSFIELD, OHIO, v. JOHNSON LUMBER CO. et al.

### No. 6094.

Circuit Court of Appeals, Fifth Circuit.
Dec. 4, 1931.

E. Smythe Gambrell, of Atlanta, Ga., for appellant.

A. C. Wheeler, of Gainesville, Ga., for appellees.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a verdict and judgment awarding recovery in a suit upon a policy of insurance issued upon appellees' lumber yard in the village of Cleveland, Ga.

While in the court below many issues were fought out, the verdict of the jury has disposed of all of them except the issue arising on the "iron safe clause," and having to do with whether plaintiffs' records constituted a set of books within the meaning of the policy, defendant having objected to their introduction and having requested a directed verdict.

The question is presented here from two points of view: (1) That the memoranda and papers offered by plaintiffs as constituting their set of books were not admissible because not the best evidence of what they purported to reflect: (2) that the court erred in submitting to the jury as an issue of fact whether they constituted a set of books; that under the evidence the jury should have been instructed that they did not.

Disposing first of the point upon the admissibility of the offered papers, we think it clear that it is without merit. In view of defendant's position that they had not complied with the iron safe clause, plaintiffs not only had the right, they were compelled, to offer these documents and memoranda as a necessary part of their case. They were the best evidence, in fact the only evidence, admissible on that issue; they were made so by the terms of the policy.

Defendant did not make the objection that, though admissible as a tender of proof that the iron safe clause had been complied with, these documents, not being documents of original entry but compilations, were not admissible as proof of the amount of lumber on hand before the fire, nor did they undertake to obtain a ruling limiting their effect. We need not therefore inquire whether such an objection or request would have been good; we need only determine, as we do, that the general objection should have been overruled. We come now to the decisive question, whether the court, in refusing defendant's request for an instructed verdict under the iron safe clause, and in submitting the issue to the jury, erred. We think it did not. It is true of issues under the iron safe clause, as of all other issues of fact, that, where upon the evidence the facts are all one way, and only one inference may be drawn from them, it is for the court to declare whether the tendered books comply with the policy clause. Home Ins. Co. v. Williams (C. C. A.) 237 F. 171; Houff & Holler v. German American Ins. Co., 110 Va. 585, 66 S. E. 834. It is also true, however, that, in cases where there is any point made as to whether the books tendered constitute all of the books, or as to whether they contain complete records of the business, or are substantially incomplete, the matter is for the jury. American Casualty Co. v. Cohen, 40 Ga. App. 593, 151 S. E. 56; Ætna Ins. Co. v. Fitze, 34 Tex. Civ. App. 214, 78 S. W. 370; Ætna Life Ins. Co. v. Johnson, 127 Ga. 491, 56 S. E. 643; German Ins. Co. v. Pearlstone, 18 Tex. Civ. App. 706, 45 S. W. 832; Liverpool & London & Globe Ins. Co. v. Ellington, 94 Ga. 785, 21 S. E. 1006. In view of the charges of fraud and procurement in regard to the fire, in view of the loose-leaf character of the documents relied on, in view of the testimony of after prepared books, we think it was for the jury to say whether they believed the evidence of the plaintiffs that the memoranda offered constituted all of their documents and memoranda, and whether they presented, in substantially complete form, evidence from which the state of plaintiffs' business could be fairly determined.

The books were indeed informal; in fact, in a literal sense they were not books at all, for they were not bound. In the liberal sense of the words, however, established in the law, they were books. "It is not necessary that the books should be kept according to any particular system, nor that they should be such a scientific system of books as would satisfy an expert accountant in a large business house in a city." Liverpool & London & Globe Ins. Co. v. Ellington, 94 Ga. 785, 21 S. E. 1006; Ætna Life Ins. Co. v. Johnson, 127 Ga. 491, 56 S. E. 643, 645. "The purpose of the requirement was that in case of loss or damage the assured would have kept such book accounts of his invoices, purchases, and sales as would show the amount of goods on hand at the time of the fire, and thus furnish data from which to make a reasonable estimate of the loss or damage." Id. Substantial compliance with the provision is all that is essential. N. Y. Underwriters Fire Ins. Co. v. Malham (C. C. A.) 25 F.(2d) 416; Mass. Fire & Marine Ins. Co. v. Schneider (C. C. A.) 28 F.(2d) 658; Home Ins. Co. v. Williams (C. C. A.) 237 F. 171; Liverpool v. Kearney, 180 U. S. 132, 21 S. Ct. 326, 45 L. Ed. 460; Western Assurance Co. v. Redding (C. C. A.) 68 F. 708.

"The provision does not necessarily require the records to be kept in the form of books of account, nor indeed in book form at all." Home Ins. Co. v. Flewellen (Tex. Civ. App.) 221 S. W. 630; Continental Ins. Co. v. Rosenberg, 7 Pennewill (Del.) 174, 74 A. 1073; 26 C. J. 254.

The invoices examined by themselves and in the light of the testimony explanatory of them we think satisfy the general requirements of the rule as to the character which such records should have, and the jury's verdict settles that they were complete. Though, then, we do think that the method employed by the plaintiffs in keeping their accounts was because of the informal and impermanent nature of the records, undesirable in appearance and in character, and not at all to be commended, we are constrained, in view of the jury's verdict, which we think the trial court correctly took, to hold that plaintiffs' proof presented a substantial compliance with the provision of the policy, and that the judgment should be affirmed.