L. E. EDWARDS, *Petitioner*, v. DANIEL ROBERT KNIGHT,
*Respondent*.
139 So. 582.
Division B.
Opinion filed January 12, 1932.
Petition for rehearing granted March 15, 1932.

*Hudson & Cason,* of Miami, for Petitioner;

*Evans & Mershon* and *Thos. McE. Johnston,* of Miami, for Respondent.

PER CURIAM.—This suit originated in the Civil Court of Record of Dade County. Final judgment was entered against petitioner, L. E. Edwards, and one William Thomas. Thereafter the case was taken by writ of error to the Circuit Court, where, on motion, there was an order of severance, leaving L. E. Edwards the sole plaintiff in error. The Circuit Court affirmed the judgment of the Civil Court of Record. Thereafter, upon petition of Edwards, a writ of certiorari was granted by this Court and the whole record is now before us.

The Supreme Court has power, on certiorari, to quash the proceedings of inferior tribunals when they proceed in a cause without jurisdiction, or where their procedure is not according to justice and law and there is no other means of review. First National Bank v. Gibbs, 78 Fla. 118, 82 Sou. Rep. 618.

A review on certiorari may include substantial error of procedure that was calculated to materially injure the complaining party. American Railway Express Co. v. Weatherford, 84 Fla. 264, 93 Sou. Rep. 740.

In this case a majority of the Court are of the opinion that the refusal of the Judge of the Civil Court of Record under the circumstances of this case, to allow the filing of the amended pleas tendered by the defendant, L. E. Edwards, was an abuse of discretion by the Court, and that because of this the Judge of the Civil Court of Record did not proceed according to justice and the essential requirements of law in rendering final judgment against the petitioner Edwards.

Under our liberal statute of amendments, it is the *duty* of the Court *at all times* to allow such amendments as may be necessary for the purpose of determining in the existing suit the real question in controversy between the parties, if the amendments be duly applied for. Robinson v. Hartridge, 13 Fla. 501; South Florida R. Co. v. Weese, 32 Fla. 212, 13 Sou. Rep. 436.

While much must necessarily be left to the judicial discretion of the trial Judge in permitting additional or new pleas to be filed by defendant after pleas already filed by him have been adjudged to be defective or insufficient, that discretion should be wisely exercised. Franklin Phosphate Co. v. International Harvester Co., 62 Fla. 185, 57 Sou. Rep. 206; Ann. Cas. 1913C 1247.

There is always danger that a discretion, however properly it may at first be exercised, will soon degenerate into mere caprice; an arbitrary *sic volo sic jubeo, stat pro ratione voluntas.* (As I wish it to be I will decree it; let my will stand in place of a rule). Therefore, when anything is left to judicial discretion, the law intends that it must be done with sound discretion and according to law. And accordingly, Courts exercising appellate jurisdiction, or authority to review judicial action by certiorari, have power to redress things that are otherwise done, notwithstanding they were left to the discretion of those that did them, when the jurisdiction of such courts has been properly invoked to grant a remedy to the injured party for an abuse of discretion which is shown likely to result in a miscarriage of justice if not corrected.

When a Judge perceives that in consequence of the inadvertence of counsel or other cause, the rigid enforcement of the rules of practice would defeat the great object for which they are established, it is his duty so to relax them (when it can be done without injustice to any) as to make them subserve their true purpose, which is to aid the Court and the parties before it in determining and ad-

judging their respective rights. Barber v. State, 5 Fla. 199, 204.

As was said in the previous opinion rendered in this cause (Edwards v. Knight, 100 Fla. 1704, 132 Sou. Rep. 459), the writ of certiorari does not perform the function of a writ of error nor the purpose of appellate proceedings in the nature of a writ of error, but only a limited review of the proceedings of an inferior jurisdiction.

In this case a final judgment against Edwards had been improperly entered for default when there was no default. Edwards moved to set it aside, and with his motion tendered a plea. At the time this plea was tendered, Edwards had dismissed his original counsel and procured other counsel to represent him. The plea which was tendered was presented by his new counsel. There is nothing to suggest that the plea tendered by the new counsel is frivolous or not interposed in good faith. Even if it is demurrable as contended by the plaintiff in the suit, it apparently contains the elements of a good defense to the cause of action sued on in plaintiff's declaration. Plaintiff himself had failed to comply with the strict letter of the law in having his default judgment entered, in consequence of which it was necessary for plaintiff to move to amend the final judgment so as to make it recite that such judgment was entered upon demurrer to the defendant's pleas which had previously been adjudged insufficient, instead of on default. A motion of plaintiff to amend his own judgment and the motion of defendant to be allowed to file an amended plea came on to be heard by the Judge of the Civil Court of Record at the same time and disposition was made of both motions by one and the same order. This order granted the plaintiff the privilege of a new judgment in lieu of the invalid one which had been entered, but denied the defendant, L. E. Edwards, the right to file an amended plea to the cause of action sued on in the declaration.

Since the amended plea tendered was not frivolous, nor in substance a mere repetition only of what had been previously held bad as a defense, and since such plea was tendered by a new counsel employed by the defendant apparently in an honest effort to present a timely defense on his part to the plaintiff's declaration, it is the view of the majority of the Court that the Judge of the Civil Court of Record so far abused his discretion in refusing to permit the defendant's amended plea to be filed as to constitute a departure from the essential requirements of law in a matter of procedure.

As has been pointed out, a review on certiorari may include substantial errors of procedure that were calculated to materially injure the complaining party. The Court's error of procedure in refusing to permit the defendant's amended plea to be filed or considered was substantial in character and was calculated to materially injure the defendant, Edwards, and subject him to a judgment without trial to which he apparently may be able to assert a valid defense.

For the foregoing reasons, it follows that the judgment of the Civil Court of Record against the petitioner, Edwards, which was affirmed by the Circuit Court of Dade County, should be quashed, and it is so ordered.

Judgment of Civil Court of Record quashed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

---

ON REHEARING.

Opinion filed August 4, 1932.

Petition for rehearing denied September 28, 1932.

PER CURIAM.—A petition for rehearing having been granted herein and the cause having been again submitted to the Court upon the record and upon further briefs and oral argument submitted by counsel for the respective parties, we hold that the sufficiency of the plea tendered

and refused is not passed on in this proceeding on certiorari, as that is a question which should be first determined by the trial court. The holding here is that there was such an abuse of discretion in refusing to permit the plea to be considered, that the trial court departed from the essential requirements of the law, by reason of which the judgment of the Circuit Court affirming the trial court's judgment, should itself be quashed as not being according to the essential requirements of the law.

The Court being fully advised in the premises, it is ordered and adjudged by the Court that the Court do adhere to the opinion and judgment entered in this cause at the last term of this Court, pursuant to which the judgment of the Civil Court of Record for Dade County in this cause was ordered to be quashed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.