REBECCA LEE v. SOVEREIGN CAMP, W. O. W.

152 So. 17.
Division A.
Opinion Filed January 8, 1934.

, *John H. Carter* and *John H. Carter, Jr.,* for Plaintiff in Error;

. *James N. Daniel,* for Defendant in Error.

DAVIS, C. J.—During the progress of a trial at law the plaintiff tendered a surrejoinder to defendant's rejoinder

to plaintiff's replication to defendant's plea interposed to plaintiff's declaration seeking recovery on a Woodman of the World benefit policy. The object of the surrejoinder was to set up a legal bar against certain matters that had been pleaded in defendant's rejoinder to plaintiff's replication to defendant's first plea.

At all times during the trial it is obvious that plaintiff below was attempting to recover against defendant on the theory that defendant mutual benefit society was not in a position, under the facts and circumstances of the case, to plead certain defensive provisions of its mutual benefit certificate, in bar or preclusion of plaintiff's claim for recovery. The real contention of plaintiff on this point was at no time materially changed. But from time to time the plaintiff's manner of pleading such matter did change, in order to accommodate plaintiff's attempt to state her case to the views of the court deciding the law of the controversy, as evidenced by several successive rulings on the pleadings, most of which were adverse to plaintiff below.

We are of the opinion that the surrejoinder tendered during the progress of the trial presented matter sufficient in law to constitute a good reply to defendant's rejoinder to plaintiff's replication to defendant's first plea and that it should have been permitted to be filed in order to promote the administration of justice through a fair trial of the real issues in the case. Edwards v. Knight, 104 Fla. 16, 139 Sou. Rep. 582.

If defendant conceived itself likely to be prejudiced by such filing, it was of course entitled to move for and to have granted a mistrial and continuance of the case, in order to further prepare itself, upon its showing as a basis therefor that it would sustain some disadvantage or detriment in

going on with the trial in the light of the new pleading, without further preparation on its part.

In this suit it appears that plaintiff had proceeded at all times with reasonable diligence in endeavoring to perfect the sufficiency of her attempted surrejoinder as a proper reply in substance. The ends of justice demand that she shall not suffer the loss of her right to a fair trial on the merits of her claim through a rejection of her pleading which appears to have been properly tendered at the trial for the purpose of presenting in the record, in appropriate form, a material part of the substance of her claim for recovery.

The rejected surrejoinder sets up in substance that with knowledge of the time and circumstance of the actual payment of the deceased's October, 1928, assessment in November out of time, and not in accordance with the requirements of the exact terms of the policy, that the defendant with full knowledge of that fact, nevertheless still retained all amounts paid in, and afterward proceeded to treat the benefit certificate as still in force, at the time of deceased's illness and death, whereby it had become estopped in law to claim the benefit of the defensive provisions of its certificates, as pleaded in its plea and rejoinder.

The surrejoinder presented a good matter of reply to the rejoinder and was not demurrable as claimed by defendant when it insisted that it be rejected. See principles stated in Industrial Life & Health Ins. Co. v. Cofield, 110 Fla. 315, 148 Sou. Rep. 549.

The other propositions of pleading argued by plaintiff in error have not been considered on this writ of error, because not involved in the rulings of the circuit court "on the trial" of this case, which is here solely on a writ of error taken to a judgment of non suit, and not final judgment.

See City of Jacksonville v. Shaffer, 107 Fla. 367, 144 Sou. Rep. 888.

Judgment of non suit reversed and cause remanded for further proceedings not inconsistent with this opinion.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

BUFORD, J., disqualified.