SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD v.
REBECCA LEE.

171 So. 526.
Opinion Filed September 23, 1936.
Rehearing Denied January 7, 1937.

*James N. Daniel,* for Plaintiff in Error;

*John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

PER CURIAM.—This is the second appearance of this case here. Lee v. Sovereign Camp W. O. W., 113 Fla. 472, 152 So. 17. The latter writ of error, being to a nonsuit, resulted in a reversal because the trial court refused to permit the plaintiff to file a surrejoinder during the trial to raise the issue of estoppel.

In reversing the judgment we held that the surrejoinder tendered during the progress of the trial presented matter sufficient in law to constitute a good reply to defendant's rejoinder to plaintiff's replication to defendant's first plea and that it should have been permitted to be filed in order to promote the administration of justice through a fair trial of the real issues in the case. Edwards v. Knight, 104 Fla. 16, 139 So. 582.

The case was reversed for further proceedings and the surrejoinder was filed. It is as follows:

"That after the death of the said Henry Lee and notice thereof received by the defendant, the defendant with full knowledge that said October assessment had been paid on November 23 as aforesaid, and that said Henry Lee had died of ill health within thirty days of such payment, furnished the plaintiff the usual printed forms for making proof of death, and required her to fill out one and sign it giving facts concerning the illness and death of said Henry Lee, and required her to furnish a physician's certificate of said illness and death, and put the plaintiff to expense and time in furnishing saiid proofs of death, and of her claim therefor, all of which she did, and furnished same to the defendant; and defendant at such time and with the knowledge of said Henry Lee's illness and death within thirty days from the payment of said October assessment, did not claim a forfeiture of said benefit certificate nor offer to return or refund said October assessment. Wherefore, plaintiff says that the defendant is now estopped from pleading the invalidity of the benefit certificate sued on, upon the grounds set forth in said rejoinder."

The plaintiff filed rebutters to the surrejoinder, one of which was a joinder of issue and the other was as follows:

"That the defendant furnished forms for proofs of death
for the purpose of enabling plaintiff to make proof of the
death of the said Henry Lee if she desired to do so; that
the said forms had printed upon their face these words:
'The furnishing of these blanks by the Association on which
to make proof of claim shall not be an acknowledgment of
any liability of said Association;' that the plaintiff received
and accepted these forms with said notice printed thereon
and executed the said forms of her own free will and ac-
cord and without any demand or compulsion on the part of
the defendant and submitted them to the defendant volun-
tarily in support of her claim for death benefit under the
certificate sued on in the declaration herein; that the com-
pleted proofs of death were received by defendant on or
about February 19, 1929, and thereupon the defendant
made an investigation of the facts pertinent to the said
claim and rejected same and so notified the plaintiff on
or about April 11, 1929, and mailed to her defendant's re-
funding check for $4.18 payable to her order covering the
October and November, 1928, assessments."

Issue was joined on the rebutter and the case went to
trial. The question raised by the pleadings was whether
or not the defendant was estopped from asserting the ter-
mination and invalidity of certificate or policy of insurance
sued on.

At the close of all the testimony counsel for both plain-
tiff and defendant moved for an instructed verdict.

Having held in our former opinion that the surrejoinder
presented matter sufficient in law to constitute a good reply
to defendant's rejoinder to plaintiff's replication to defend-
ant's first plea and that it should have been permitted to be
filed in order to promote justice and the rebutter to the
surrejoinder raising the only issue raised here, we are con-

cerned mainly with the question of whether or not the allegations set up in the surrejoinder to raise an estoppel against the defendant were proven.

The rule is well settled that the forfeiture clause in a policy of insurance may be waived by the insurer and such waiver may be established by the acts or statements of the company. Queen Insurance Company v. Patterson Drug Company, 73 Fla. 665, 74 So. 807. The acts and statements of the company as recited in the surrejoinder were sufficient to constitute a waiver and they were established by the evidence. The trial court so held and we find no reason to reverse his ruling.

The insurer had knowledge of the facts of Lee's lapse in payment of his monthly installments, it accepted his reinstatement, sent out the blanks to make proof of his death, thereby recognizing the policy as a subsisting contract, and *induced* the beneficiary to act in that belief and incur trouble and expense in making proof of death. Such acts were sufficient to constitute a waiver of the forfeiture clause in the policy.

Appellant contends that it was without knowledge of the extent, nature, and duration of the illness of the insured when it furnished the beneficiary the usual printed forms for making proof of death and that since death occurred in less than thirty days after reinstatement it should not now be required to pay the face of the policy.

It is quite true that the record discloses that the insured died in less than a week after reinstatement and it is claimed that he contracted pneumonia with which he died before he sent in his October and November dues as a prerequisite to reinstatement but that question should have been raised before the dues were accepted. It comes too late after

the dues are accepted and the acts of the company otherwise approve the contract.

When doubts arise in the interpretation of an insurance policy they should be resolved in favor of the insured. Aside from what we have said the state of the record in this case is such that we would be impelled to affirm the judgment below because it is not conclusively shown that the insured was not in "good health" at the time he was reinstated.

The judgment below is affirmed.

Affirmed.

ELLIS, P. J., and TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., disqualified.

BROWN, J. (concurring).—I do not think the rebutter interposed by the defendant corporation to the plaintiff's rejoinder was fully proven, and this alone, on the pleadings and evidence, is sufficient to justify an affirmance.