NEW YORK LIFE INSURANCE COMPANY v. NELLIE T. KINCAID, as Executor of the Last Will and Testament of James Kincaid, deceased.

186 So. 675.

Division B.

Opinion Filed January 20, 1939.

Rehearing Denied February 14, 1939.

*Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error;

*George P. Garrett,* for Defendant in Error.

PER CURIAM.—This cause is here on writ of error to review a final judgment in behalf of plaintiff below entered by the Circuit Court of Orange County, Florida. Suit was brought to recover on the disability benefit clauses of policies numbered 6783608 and 6783609, issued by the New York Life Insurance Company on the life of James Kincaid on the part of the plaintiff as Executrix. These policies were before this Court in the case of New York Life Insurance Company v. Kincaid, and reported in 122 Fla. 283, 165 So. 553. It is shown that the insured paid annual premiums when due on the policies, or the payments thereof were waived.

It is alleged that the annual premiums in the sum of $250.05 included an item of $12.75 for permanent disability benefits under the terms of the policies and the annual

premiums were paid until the insured became physically disabled when the terms of the policies waived further payment of the annual premiums. The policy provision controlling permanent disability benefits is, viz.:

"SECTION I.—TOTAL AND PERMANENT DISABILITY BENEFITS. Whenever the Company receives due proof, before the default in the payment of premium, that the Insured, before the anniversary of the Policy on which the Insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days—the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then

"1. Waiver of Premium.—Commencing with the anniversary of the Policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the Policy, the Company will not deduct the premiums so waived. The loan and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

"2. Life Income to Insured.—One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. Such income payments shall not

reduce the sum payable in any settlement of the Policy. The Policy must be returned to the Company for indorsement thereon of each income payment. If there be any indebtedness on the Policy, the interest thereon may be deducted from each income payment.

"3. Recovery from Disability.—The Company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the Insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made.

"The * * * annual premium for the Total and Permanent Disability Benefits is $12.75, and is included in the premium stated on the first page of this Policy. Any premium due on or after the anniversary of the Policy on which the age of the Insured at nearest birthday is 60, shall be reduced by the amount of the premium charged for the Disability Benefits."

It was shown that all annual premiums were paid on the policies until March 30, 1931, but on February 19, 1931, the insured applied for permanent disability benefits according to the provisions of the policies. The insured died on September 18, 1931. If the insured was totally disabled within the meaning of the provisions of the policies, then the Insurance Company waived the premiums and none were due. The death of the insured gave plaintiff here a cause of action.

The first question posited by counsel for the respective parties is, viz.: Where a life insurance policy contains a disability clause that one year after the anniversary of the policy next succeeding the receipt by the Company of proof of total and permanent disability, the Company will pay the insured a sum equal to one-tenth of the face of the

policy, and a like sum on each anniversary of the insured, does not such a provision call for the payment of unapportionable annual benefits, payable only to the insured during his lifetime, while still totally disabled and therefore, is it not error for the trial court to permit the executrix of insured to recover an amount for only part of the year after the anniversary of the policy next succeeding the receipt of proof of disability and during which partial year the insured died?

The lower court held that under the terms of the disability benefit clauses of the policies the Insurance Company one year after June 13, 1931, being the anniversary of policy next after the receipt of proof of disability, which was June 13, 1932, was obligated to pay on each policy one-tenth of the amount of the $5,000.00, to-wit, $500.00, under the terms of the disability clauses. The amount due, $131.79 on each policy, was for three months and five days, with legal interest after July 3, 1932.

Counsel for plaintiff in error contends that the life income provision is an annuity and the common law rule is that as to payment of annuities, the same are not apportionable and when an annuitant dies before the maturity thereof no sum is due. Likewise counsel for defendant in error contends that the life income is not an annuity nor does the common law rule *supra* control.

It is a well recognized rule of construction and interpretation of contracts for insurance that the contract or policy must be liberally construed in favor of the insured so as not to defeat, without plain necessity, his claim to the indemnity which, in making the contract of insurance, it was his purpose and intention to obtain. See National Surety Co. v Williams, 74 Fla. 446, 77 So. 212; Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802. Likewise ambiguous terms, conditions or provisions in a

contract of insurance are to be fairly construed in favor of the insured. See Travelers' Ins. Co. v. Peake, 82 Fla. 128, 89 So. 418; Price v. Prudential Ins. Co., 98 Fla. 1044, 124 So. 817. In the case of L'Engle v. Scottish Union & Nat. Fire Ins. Co., 48 Fla. 82, 37 So. 462, 67 L. R. A. 581, 111 Am. St. Rep. 70, 5 Ann. Cas. 748, this Court held that in construing the different provisions of a contract of insurance, all must be so construed, if it can reasonably be done, as to give effect to each. Where two interpretations equally fair may be given, that which gives the greater indemnity will prevail. If one interpretation looking to the other provisions of the contract and to its general object and scope would lead to an absurd conclusion, such interpretation must be abandoned, and that adopted which will be more consistent with reason and probability. In all cases the policy must be liberally construed in favor of the insured. See Queens Ins. Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L. R. A. 1917 D, 1091; Elliott v. Belt Automobile Assn., 87 Fla. 545, 100 So. 797.

Doubts arising in the construction or interpretation of contracts of insurance should be resolved in favor of the insured. See Sovereign Camp, W. O. W. v. Lee, 125 Fla. 736, 171 So. 526. It can not be denied that the provisions of the policy, *supra,* are ambiguous as to the apportionment of the life income. If there can be no apportionment of the income from the policies, then the judgment appealed from should be reversed. If an apportionment is allowable under the law, then judgment appealed from should be affirmed.

In the case of Newberger v. New York Life Ins. Co., 56 R. I. 442, 186 Atl. 472, the portions of the policy as are now before this Court were considered and the Court held that the plaintiff should recover; that it was not necessary for the insured to be alive one year after the anniversary of the

policies next succeeding the receipt by the defendant of due proof of insured's disability, and an apportionment was allowed.

In the case of Brownstein v. New York Life Ins. Co., 158 Md. 51, 148 Atl. 273, the exact question was construed as now before this Court. It was there held that the disability benefits were apportionable. The Court in part said:

"The insured certainly had every reason to believe that, if he should be so overcome by bodily injury or disease as to make him unfit to engage in any occupation, he would be relieved of the distress involved in such a condition, and that, during his lifetime, he would have what the appellee promised, namely, a 'life income to insured,' and that this would be secured to him to the last days of his life and when most needed, and, in our opinion this is what the disability provision of the policy said to him. The policy contemplated an insurance for a permanent and continuous disability during the life of the assured, and therefore, for the purpose of practical convenience, it was necessary to fix in the policy a time when such payments would be made; and this was done by making the pay day on the anniversary date of the policy. So long as the assured lived the payments would be made to him, when alive and disabled, on the anniversary date of the policy, and this would be a compliance with the letter of the contract. If the assured should die before the anniversary date, the amount of the insurance that had accrued prior to the day of his death could not be paid to him, as he was not surviving on the anniversary date, and this again would gratify the terms of the contract; but the stipulations of the policy nowhere negative the accrual from day to day, until that of death, of the benefits under the policy for total and permanent, continuous disability. When it is considered that this fea-

ture of the policy is in lieu of the assured's lost earnings, from day to day, and because of his disability is to provide maintenance, there seems to be no reasonable ground for denying the personal representatives of the assured the right to recover the benefits which had accrued to the day of the death of the assured. The company drew the contract, and it is a rule common to the construction of all written instruments that it is to be taken, in cases of doubtful meaning, against the draftsman."

We have considered the authorities cited by the Court below in this case, viz.: Peek Estate v. New York Life Ins. Co., 206 Ia. 1237, 219 N. W. 487; New York Life Ins. Co. v Majet, 173 Miss. 870, 161 So. 156; Levy'v. New York Life Ins. Co., 285 N. Y. S. 402, 286 N. Y. S. 905, 150 Misc. 431; Faulk v. New York Life Ins. Co., 26 Ala. Ap. 488, 162 So. 558.

We find no error in the record and the judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating, as authorized by Section 4687 Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

PER CURIAM.—On petition for rehearing it is contended that the common law of England rules the case at bar and is supported by numerous decisions recognized by the courts for more than one hundred years. In the original opinion it was pointed out that the contract of insurance then being considered was once controlled by the decisions of this court and not the common law of England. The company selected the terms, provisions and conditions of the contract, and the words by which to express the same. delivered the same, received payments from the assured,

and no fault was found with its provisions until a right of action accrued or a liability developed. In construing written instruments it is fundamental, when doubtful or ambiguous meaning occur, that the same shall be construed against the draftsmen. See Sovereign Camp, W. O. W. v. Lee, 125 Fla. 736, 171 So. 526.

Consideration has been given to the contention that the original opinion is out of harmony with the weight of authority and the holdings of our sister States. We are not able to agree to this conclusion. The question being the construction or interpretation of a contract of insurance where an ambiguity exists, the ruling as expressed in the original opinion is in accord with the decisions of this Court.

The petition for a rehearing is denied.

TERRELL, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

BROWN, J., concurs specially with opinion of Judge Buford.

BUFORD, J. (specially concurring on petition for rehearing)—The anniversary of the policy was June 13th each year. Insured was not entitled to disability benefits until one year after the anniversary date of the policy next succeeding the date of proof of disability.

Proof of disability occurred February 19th, 1931. Insured died on September 18th, 1931, which was three months and three days after the beginning of the period for which insured was entitled to disability benefit.

The question is, Could the executrix collect the proportion of the disability benefit which had accrued and had not been paid? I do not think this constituted an annuity

but a contract to pay a fixed sum per annum on account of disability.

BROWN, J., concurs.