## GENERAL ACCIDENT FIRE & LIFE ASSUR. CORPORATION, Limited, v. SCHERO et al.

### No. 11332.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1945.

G. L. Reeves and Calvin Johnson, both of Tampa, Fla., for appellant.

R. W. Shackleford and Morrice S. Uman, both of Tampa, Fla., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, plaintiff below, is the insurer in a burglary policy. Appellees, defendants below, are the assureds. Alleging that the defendants were claiming that a theft loss had occurred between 5 P. M., February 7th, and 8 A. M., February 9th, 1942, and that plaintiff was liable under the policy for it, whereas, plaintiff had given the notice of cancellation [1] provided for in Par. "H"

[1] "Notice of Cancellation of Policy BOS-5110

"General Accident Fire and Life Assurance Corporation, Limited, does hereby give you written notice of cancellation of this policy. Cancellation will be effective

of the policy,[2] effective 12:01 A. M., February 8, 1942, and was not liable for the loss unless it had occurred before that time, plaintiff on August 7, 1942, brought this suit for a declaratory judgment.[3]

By answer and by counterclaim seeking a declaratory judgment that the policy was in force and plaintiff was liable under it, defendants alleged that the attempted cancellation could not be effectively urged because (1) the notice was unreasonable in the time allowed; (2) it was not accompanied by a return of the premium; and (3) the cancellation had been waived by plaintiff's conduct in recognizing its policy as in force after the loss.

There followed in the luxuriant profusion usual in trials in Florida cases, motions and counter motions, to strike and for more definite statement or bill of particulars; amended and additional defenses and grounds of counterclaim for declaratory relief; orders on the motions, including orders for repleading; more pleading, and more motions to strike and more orders on the motions. After the cause had dragged its slow length along on the issue of cancellation for many months, plaintiff, on April 27, 1943, for the first time, claimed that liability was excluded by failure of defendants to keep books and accounts.[4] On May 24, defendant moved for summary judgment, and there was an order adjudging in effect that the cancellation on notice was ineffective because plaintiff did not with the notice refund or tender to the defendants the unearned premium; that the exact time of the theft was, therefore, immaterial; and that there was no genuine issue as to

any material fact and no controversial question of fact other than the issue of the extent of the defendants' loss.

Plaintiff, insisting that the case was not one for summary judgment because (1) the policy had been effectively cancelled and there was, therefore, a genuine issue of fact as to when the theft occurred; and (2) there was a genuine issue as to whether defendants' books and accounts were such as to bring the exclusion into play; moved to vacate the judgment. This motion denied, the cause came on for trial on the issue of the amount of the loss. The judge found and determined the loss and gave defendants judgment on their cross bill therefor, and plaintiff has appealed.

Here, as a first ground of reversal, plaintiff urges upon us that the case was one for summary judgment in its favor in that the evidence established as matter of law that the defendant did not keep books and accounts "in such manner that the exact amount of loss can be accurately determined therefrom by the corporation", and that, by the terms of the policy, the corporation's liability was excluded. Alternatively, it argues that if mistaken in this, the case was not one for summary judgment for defendants for: (1) The evidence as to the insufficiency of the books and records certainly presented a disputed issue of fact; and (2) the notice of cancellation was sufficient in law, and the evidence certainly presented an issue of fact as to whether the loss occurred before or after the cancellation.

Appellees vigorously contest these positions. Insisting: that the notice of cancel-

---

on the 8th day of February, 1942, at 12:01 A. M."

[2] "This Policy may be cancelled by the Corporation by mailing written notice to the Assured at the location of the premises shown in Item 1(e) of the Declarations or at his business address shown in Item 1(b) thereof, stating when thereafter such cancellation shall be effective, in which case the corporation upon demand shall refund the excess of premium paid by the Assured above the pro rata premium for the expired term. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall be the end of the policy Period. Cancellation shall be without prejudice to any claim originating prior to such elective date. Delivery of such written notice either by the Assured or by the Corporation shall be

equivalent to mailing and the check of the Corporation or its representative similarly mailed or delivered shall be a sufficient tender of any refund of premium due the Assured. Reinstatement, if granted by the Corporation after cancellation or suspension, shall be in writing."

[3] The declaration sought was as to (1) whether and when assured suffered a theft loss; (2) whether, if the loss occurred after 12:01 A. M., Feb. 8, 1942, the cancellation notice was effective to relieve the insurer of liability; and (3) the amount of the loss and of insurer's liability.

[4] "C—Exclusions: The corporation shall not be liable for any loss * * * (3) unless books and accounts are kept by the assured and in such manner that the exact amount of loss can be accurately determined therefrom by the corporation."

lation was ineffective because the premium did not accompany the notice, and that the time when the loss occurred, therefore, presented no material issue of fact; that the evidence, as matter of law, showed that there was no such failure to keep books as excluded defendants' liability; that if there was such failure, the insurer has waived it; and that no reversible error has been shown; they urge upon us that the judgment should be affirmed.

We do not think so. A comparison of the cancellation clause [5] in the policy in suit with the clause of the standard policy,[6] on which so much has been written, leads us to the firm conclusion: that the cases from Florida and elsewhere which construe the standard policy, as defendants would have us construe this one, are not in point here; and that the matter is open to us to decide. Sumners v. Travelers Insurance Co., 8 Cir., 109 F.2d 845, 127 A.L.R. 1336, construes a clause, the exact counterpart of the clause in question here, as not requiring the return of premium to accompany the notice, and we think this is a correct interpretation of its meaning and effect. We, therefore, hold: that the notice of cancellation was effective; that the case was not one for summary judgment; and that it must be reversed for a trial of the issues tendered by the pleading. These issues are: first, did the loss occur before or after the effective cancellation date; second, was the defense of failure to keep books and accounts waived; and, third, if not, was it made out. We cannot agree with appellant that the evidence establishes, as matter of law, that the defendants failed to keep books as required; neither can we agree with appellees that it establishes, as matter of law, that the defense was not made out, or that appellant has waived this defense. We think it clear that, in the present state of the record, it raises a substantial issue of fact, both as to whether the defense has been waived and as to whether the defendant kept books and accounts as required. It was early settled in this circuit,[7] and the rule has never been departed from here,[8] that provisions of the kind in question do not have to be strictly complied with, a substantial and reasonable compliance is sufficient.[9] The evidence does present conflicts which prevent us from saying, as matter of law, that the books and accounts were not kept in compliance with the invoked provision, and it certainly furnishes ample support for a finding of fact that they were. The literature on this subject is enormous, but the result of it all is fairly clear, and it will serve no useful purpose to cite the numerous cases supporting this conclusion.

On the question of waiver, the law is also well settled in Florida and generally elsewhere:[10] That acts and conduct of an insurer after a loss has occurred, inconsistent with a particular defense especially where the insured has been induced to act, will constitute a waiver of the defense; and that while, where the facts are not in dispute, the question of waiver vel non is one of law, ordinarily waiver presents a question of fact.[11]

In the event of another trial, we

---

[5] See note 2, supra.

[6] "This policy shall be cancelled at any time at the request of the insured; or by the company giving five days' notice of such cancellation; if this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice it shall retain only the pro rata premium."

[7] Western Assur. Co. v. Redding, 5 Cir., 68 F. 708; Law and Fact in Insurance Cases, Texas Law Review, Vol. 23, Dec. 1944, p. 12.

[8] Massachusetts F. & M. Ins. Co. v. Schneider, 5 Cir., 28 F.2d 658; Lumbermen's Mutual Ins. Co. v. Johnson Lumber Co., 5 Cir., 53 F.2d 940; Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 98 F.2d 448, relied on by appellant, dealt with a particular fact situation and is not at all inconsistent.

[9] And this is the rule generally elsewhere, 5 Couch on Insurance, 1026, page 3583; Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 So. 869; 29 Am.Jur., Secs. 720, 721 and 722, pp. 557–559.

[10] Palatine Ins. Co. v. Whitfield, 73 Fla. 716, 74 So. 869; Industrial L. & H. Ins. Co. v. Cofield, 110 Fla. 315, 148 So. 549; Sovereign Camp v. Lee, 125 Fla. 736, 171 So. 526; Appleman on Insurance Law and Practice, vol. 5, p. 786, § 3597; 29 Am.Jur., Sec. 832, p. 633; id., Sec. 869, 870 and 871, pp. 666, 667; Sec. 872, p. 668.

[11] Law and Fact in Insurance Cases, Texas Law Review, note 7, supra, at pp. 14 and 15; 29 Am.Jur., Sec. 801, p. 606.

think we should say that appellant's objection to oral evidence as to the loss was not well taken. In making this objection, appellant confuses the issues arising on the defense as to whether required books and records were kept with those arising when, the defense rejected, the question is of the amount of the loss.[12]

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

---

[12] Massachusetts F. & M. Ins. Co. v. Schneider, 5 Cir., 28 F.2d 658; Couch on Insurance Law, Vol. 8, Sec. 2234, p. 7272; Miller v. Great A. Insurance Co., Mo.App., 61 S.W.2d 205; Rissler v. American Central Ins. Co., 150 Mo. 366, 51 S.W. 755; Goudie v. National Sur. Co., Mo.App., 288 S.W. 369; National-Ben Franklin Fire Ins. Co. v. Stuckey, 5 Cir., 86 F.2d 175, cited by appellant, is not in conflict. It went off on the holding that books and accounts had not been properly kept.