**NEW YORK LIFE INSURANCE COMPANY, Appellant,**

v.

**Argia G. JONES, a widow, Appellee.**

**No. 15211.**

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Rehearing Denied Aug. 5, 1955.

**34**

L. S. Julian, Miami, Fla., Shutts, Bowen, Simmons, Prevatt & Julian, Miami, Fla., of counsel, for appellant.

James J. Boyle, Thomas E. Boyle, Miami, Fla., Boyle & Boyle, Miami, Fla., of counsel, for appellee.

Before TUTTLE, Circuit Judge, and DAWKINS and SIMPSON, District Judges.

SIMPSON, District Judge.

Appellee (plaintiff below) was the beneficiary and her husband, Eugene Jones, was the insured, under a $10,000.00 life insurance policy with the appellant. The policy provided for an additional $10,- 000.00 "accidental means death benefit (double indemnity)." The insured was an airline pilot for Regina Air Lines, a non-schedule air line. He was one of the two crew members of a Regina plane killed in a fatal accident in the State of Washington on September 1, 1953, at a time when the policy (taken out August 20, 1952) was in full force and effect. The others aboard, also killed in the crash, were 19 soldier passengers being transported by Regina on a chartered flight from an Army post in California to one in Washington.

The appellant paid to Mrs. Jones, the beneficiary, the single indemnity, or face of the policy in the amount of $10,000.00, and this action followed to recover the double indemnity or accidental means death benefit in the amount of $10,000.00 for the death of the insured.

Motions for summary judgment were filed by both parties, and that of the defendant, New York Life Insurance Company, was denied by the trial Court. The motion for summary judgment of the plaintiff-appellee, Mrs. Jones, was granted, and judgment in her favor for $10,000.00 together with $1,500.00 attorneys fees (under Florida Statute, F.S.A. § 625.08) and costs was entered below. This appeal followed.

■■ We reach only the first question raised: Did the Court below correctly determine that the aviation exclusion clause of the policy was ambiguous, and hence under prevailing Florida law,[1] to be construed against the insurer? Finding that this question should be answered in the negative, as we do, determines this case, and renders unnecessary a decision of the other questions raised.

In the policy as originally printed, the exclusion clause under accidental means death benefit read as follows:

"provided, however, that such Accidental Means Death Benefit shall not be payable if the Insured's death resulted from any one or more of the

1. Firemans Fund Ins. Co. v. Boyd, Fla., 45 So.2d 499; New York Life Ins. Co. v. Kincaid, 136 Fla. 120, 186 So. 675.

following:—suicide, whether sane or insane; war, declared or undeclared, or any act incident thereto; service, travel or flight in any kind of aircraft (including falling or otherwise descending from or with any such aircraft in flight) except travel or flight as a passenger in a passenger aircraft operated by an incorporated and governmentally certificated Scheduled Air Carrier; illness or disease; any bacterial infection other than that occurring in consequence of an injury on the exterior of the body effected solely through external, violent and accidental means."

Adjacent to this clause is a vertical printed line: "See indorsement hereon." By printed indorsement on the outside of the policy this provision was modified as follows:

"Modification of Accidental Means Death Benefit

"The aviation exclusion in the provisions hereof for Accidental Means Death Benefit, reading

"'service, travel or flight in any kind of aircraft (including falling or otherwise descending from or with any such aircraft in flight) except travel or flight as a passenger in a passenger aircraft operated by an incorporated and governmentally certificated Scheduled Air Carrier;',

is hereby modified to read as follows:—

"'service, travel or flight in any kind of aircraft (including falling or otherwise descending from or with any such aircraft in flight) while the Insured is participating in aviation training in such aircraft or is a pilot, officer or other member of the crew of such aircraft;'."

The aviation exclusion, as so modified, is as follows:

"Accidental Means Death Benefit shall not be payable if the Insured's death resulted from * * * 'service, travel or flight in any kind of aircraft * * * while the Insured is participating in aviation training in such aircraft or is a pilot, officer or other member of the crew of such aircraft;'." (R. 152–158) (Language left out is not pertinent.)

The appellee insists that the words "such aircraft" in the last line may reasonably be construed to apply to the clause "while the Insured is participating in aviation training in such aircraft." The modified clause, she says, would then afford double indemnity protection except when the insured is participating in aviation training as a pilot or other crew member of an aircraft or in other possible phases of aviation training.

We disagree. Each use of the words "such aircraft" clearly refers to the words "any kind of aircraft." There are two conditions recited (each modifying "service, travel or flight in any kind of aircraft") in *either* of which the double indemnity will not be paid. We are convinced that in order to adopt appellee's construction, the disjunctive "or" would have to be disregarded, and the conjunctive "and" read in its place. This, of course, requires complete distortion of the language used, and may not be resorted to for the purpose of creating an ambiguity where none in fact exists.

The language of the modified exclusion clause is clear. It means exactly what it says. There is no double indemnity coverage if insured's death resulted from "service, travel or flight in any kind of aircraft," under either of two separate and distinct conditions:

(1) "While the insured is participating in aviation training in such aircraft,"

*or*

(2) "While he is a pilot, officer or other member of the crew of such aircraft;"

Without dispute, the insured's death resulted while he was a pilot, officer, or member of the crew in "any kind of aircraft."

It follows that the appellee's motion for summary judgment was erroneously granted, and that the appellant's motion for summary judgment should have been granted in the trial Court. The judgment is, therefore, reversed and remanded with directions to the trial Court to enter judgment for appellant.