113 So.2d 257 (1959)
Arthur KING, Appellant,
v.
Raymond Wilson STURGE, Appellee.
No. 59-8.
District Court of Appeal of Florida. Third District.
June 23, 1959.
Perlman, Litman & Sponder, Miami Beach, for appellant.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellee.
HORTON, Judge.
The appellant, a jewelry salesman, obtained an all risk policy of insurance through the appellee to cover certain jewelry owned by him. The policy of insurance indicated that the appellant was to be insured against loss during travel from Miami to Chicago, Philadelphia, New York and return. An endorsement and cover note attached to and made a part of the *258 policy contained warranties providing as follows:
"1. It is warranted that at private show at the Ambassador East Hotel in Chicago, Illinois armed guard will be in attendance.
"2. It is warranted that jewelry will be carried in locked satchel and locked in hotel vault each and every night."
While en route from New York to Chicago by train, during the time when the policy and cover note were in force and effect, the appellant was the victim of an armed robbery. The robbery occurred at approximately 2:00 a.m., while the train was between Harrisburg and Altoona, Pennsylvania. Admittedly, the loss occurred in the nighttime and when the jewelry was not locked in a hotel vault.
A motion to dismiss the appellant's complaint, containing substantially the above facts, was denied. After answer, the appellee moved for a judgment on the pleadings which likewise was denied. Thereafter, the appellant filed a motion for summary judgment, relying upon the complaint and depositions filed in the cause. The appellee also filed a motion for summary judgment, relying upon the pleadings, depositions and the affidavit of one Alan D. Fulton. After hearing upon the respective motions for summary judgment, the court entered a summary final judgment in favor of the appellee, and found that the controversy concerned the wording of the insurance cover note which has been quoted hereinabove; that such wording was clear and definite, and that the appellee was entitled to a summary judgment as a matter of law. This appeal is from the summary judgment.
The appellant's sole point is that the court was in error in determining that the language of the contract was clear and definite, and concluding as a matter of law that the appellee was entitled to a summary judgment.
It is apparent from the contract sued upon, and the pleadings of the respective parties, that the primary purpose of the policy of insurance was to cover the possible loss of the jewelry while it was in the possession or custody of the appellant during his travels as a jewelry salesman. The appellee contends that the requirement that the jewelry be locked in a hotel vault each and every night was a clear and unambiguous requirement that could be construed in only one way, and that way was consistent with the holding of the trial judge. We disagree with this contention, as well as the conclusion reached by the trial judge. We feel that it was as reasonable to conclude that the warranty contained in the cover note was intended by the parties to apply when the appellant was staying in a hotel as it was to apply as a prohibition against the transportation of the jewelry at night. This is true because the policy must be construed as a whole in an attempt to determine the intent of the parties. Williamson v. Nurses' Mut. Protection Corp., 142 Fla. 225, 194 So. 643. Since the language in the warranty lends itself to more than one reasonable interpretation, we conclude that it creates such an ambiguity as would preclude the entry of a summary judgment for either party.
The construction placed upon the warranty in the policy of insurance was a strict construction against the insured, and it did, therefore, to that extent, conflict with the rule adopted by our Supreme Court. See Rigel v. National Casualty Company, Fla. 1954, 76 So.2d 285, and Mathews v. Metropolitan Life Insurance Company, Fla. 1956, 89 So.2d 641.
Accordingly, the summary judgment appealed is reversed.
CARROLL, CHAS., C.J., and PEARSON, JJ., concur.