## COUNTY NATIONAL BANK OF NORTH MIAMI BEACH, et al v. GUARANTY INSURANCE CO., et al.

No. 64-L-1481.

Circuit Court, Dade County.
February 3, 1965.

Kastenbaum, Mamber, Gopman, Epstein & Miles, Miami Beach, for plaintiffs.

Welch, Cornell, Pyszka & Carlton, Miami, for defendants.

HENRY L. BALABAN, Circuit Judge.

Plaintiff bank made a cash loan of $7,500 to a corporate borrower and added to the installment note the sum of $350.28 to cover unearned and anticipated interest over a 12 month period.

Defendant insurance company, which insured the bank against loan losses up to $7,500 under the provisions of its policy contract filed in the record of this case, claims that the inclusion of the additional $350.28 unearned interest and carrying charges by the bank operates to relieve the insurance company from liability under its "comprehensive installment policy" because its limit of liability, as fixed in the policy, is $7,500 "per instrument", and that under the clause of "exclusions and limitations", the policy describes—"any loan which when it was originally made exceeded Seven Thousand Five Hundred ($7,500) Dollars".

In approaching judgment on this non-jury matter, the court has sought to be guided by numerous Florida cases in point, including those cited in one of the latest insurance policy cases, viz., New Amsterdam Casualty Company v. Addison, Fla. App. 2nd 1964, 169 So.2d 877 (rehearing denied November 25, 1964), in which Judge Kanner summed up the general Florida rule as follows —

> . . . We therefore preface our discussion by stating our awareness of certain principles of construction which are firmly ensconced in the jurisprudence of this state. Thus, we bear in mind that in construing an insurance policy to determine the intention of the parties, a court must consider the instrument in its entirety; and, if reasonably possible, that construction should be adopted which will give effect to the total instrument and to each of its various provisions. New York Life Ins. Co. v. Kincaid, 1939, 136 Fla. 120, 186 So. 675; King v. Sturge, Fla. App. 1959, 113 So. 2d 257. If the language used is clear and unambiguous, it will be accorded its natural meaning. Pafford v. Standard Life Ins Co. of Indiana, Fla. 1951, 52 So. 2d 910. The court should not extend strictness in construction to the point of adding a meaning to language that is clear. Rigel v. National Casualty Company, Fla. 1954, 76 So. 2d 285. For statement of the above principles, see 18 Fla. Jur., Insurance, sections 93 and 95, pages 86, 88, and 89.

> Also, Florida law renders applicable to contracts of insurance the principle that, where a contract of insurance is prepared and phrased by the insurer, it is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language is doubtful, uncertain, or ambiguous. Fireman's Fund Ins. Co. of San Francisco, Calif. v. Boyd, Fla. 1950, 45 So. 2d 499. The general rule is that, if there are terms in the insurance policy which are ambiguous, equivocal, or uncertain to the extent that the intention of the parties is not clear and cannot be clearly ascertained by the application of ordinary rules of construction,

these terms are to be construed strictly and most strongly against the insurer and liberally in favor of the insured so as to effect the dominant purpose of payment to the insured. Beasley v. Wolf, Fla. App. 1963, 151 So. 2d 679. The accepted rationale back of this rule is that insurance policies are prepared by experts in this complex area, and the intricate interplay of their various provisions is difficult for a layman to understand. The Praetorians v. Fisher, Fla. 1956, 89 So. 2d 329. Where there are two interpretations which may fairly be given to language used in a policy, the one that allows the greater indemnity will govern. Howard v. American Service Mut. Ins. Co., Fla. App. 1963, 151 So. 2d 682. Statement of these principles may be found in 18 Fla. Jur., Insurance, sections 94 and 95, pages 86, 87, 88 and 89.

The court finds from the evidence that as a matter of law, the loan transaction was for exactly $7,500 so far as the insurer's rights, interests and liability under the policy are concerned, and for the purposes of this action will disregard the addition to the borrower's note of 12 months' unearned interest and anticipated carrying charges of $350.28 which the bank added to the commercial paper involved in carrying out its agreed and normal loan procedures with its borrower.

To adopt the position and argument of defendant that it is completely released from liability upon plaintiff's established loss merely because the bank and borrower adopted normal and usual commercial practice in such installment situations by including expected and anticipated interest on the face of the note, would indeed be to do a rank injustice to the plaintiff and place a most technical and strained construction upon the contract sued on. By doing so, this court would flout and deny the liberal construction rules followed in this state.

Because $1,308.38 was paid on the loan to the bank, that amount should be deducted from the $7,500 loan, rendering a total loss to the plaintiff bank under the terms of the insurance policy of $6,291.62. Because the policy liability for losses of this nature is based on an 85 percent portion thereof, the final result rendered the defendant insurance company liable to the plaintiff bank in the sum of $5,347.88.

The court accordingly finds and adjudges that there is due and owing from and by the defendant to the plaintiff herein under the insurance contract in suit the sum of $5,347.88, together with interest from the date of notice of loss to the defendant and the costs of this suit.

Let an appropriate non-jury verdict and final judgment be prepared accordingly by plaintiff's counsel, with copies duly served on defendant's counsel and thereafter presented to the court.