INTER-OCEAN CASUALTY COMPANY v. EFFIE HUNT

189 So. 240
Division B
Opinion Filed May 19, 1939
Rehearing Denied June 9, 1939

168

*Lawrence Rogers* and *George P. Garrett,* for Plaintiff in Error;

*O. S. Thacker,* for Defendant in Error.

PER CURIAM.—This cause is before the Court on writ of error to review a final judgment in behalf of the plaintiff below entered by the Circuit Court of Osceola County, Florida. Suit was brought to recover on a policy of insurance issued by the defendant below. The material portions of the policy pertinent to a decision of this cause are, viz.:

> "THE IMPROVED 'TEN PAY' SPECIAL POLICY
> This Policy Provides Indemnity for Loss of Life, Limb, Limbs, Sight or Time by Accidental Means and for Loss of Time and Death from Sickness as Herein Limited and Provided.

"CLASS A A PROTECTION

"INTER-OCEAN

"Executive Offices                              Cincinnati, Ohio

"CASUALTY COMPANY

"Incorporated under the Laws of the State of Indiana
"Founded in 1903

"(Hereinafter called the Company)

| | | | |
|---|---|---|---|
| "Monthly Benefits | $ 50.00 | Death Benefit at Beginning | $ 500 |
| "Maximum Monthly Benefits | $100.00 | Maximum Death Benefit | $1,000 |

"DOES HEREBY INSURE

"(Hereinafter called the Insured)

"Section 'A'

"Against the effects of bodily injuries caused directly solely and independently of all other causes, by external, violent and accidental means, which bodily injuries, or the effects thereof, shall not be due directly or indirectly to any mental or physical defect or infirmity, and which shall within thirty (30) days from the date of the accident result in a loss as provided in Section 'B' or 'C' or in continuous disability as provided in Section 'D' (suicide or any attempt thereat not covered) and against disability and death from illness that is contracted and has its beginning after thirty (30) days from date this policy is issued or more than thirty (30) days from the date of last reinstatement as provided in Sections 'G,' 'H' and 'K' hereof.

"ACCIDENT BENEFITS
"Specific Losses

"Section 'B'

"For loss of life __$500.00          For loss of one hand
                                     and one foot ___$500.00

| For loss of both eyes _____ 500.00 | For loss of either hand _____ 250.00 |
| For loss of both hands _____ 500.00 | For loss of either foot _____ 250.00 |
| For loss of both feet _____ 500.00 | For loss of either eye _____ 100.00 |

" 'Loss' in every case referred to in the above schedule shall mean in case of hand or foot, complete severance at or above the wrist or ankle joints; in case of eye or eyes, the entire and irrecoverable loss of the sight thereof. Only one specific amount herein shall be paid for injuries resulting from any one accident, and shall be in lieu of all other benefits herein provided.

### "Double Death Benefits

"Section 'C':

"If the 'insured' sustains injuries as described in Sections 'A' and 'B' while riding as a fare paying passenger within the inclosed part of a railway passenger train, street or interurban car, provided by a common carrier for the exclusive use of passengers and such injuries be due solely to the wrecking of such conveyance, and as a result of such injuries, the 'insured' shall be totally disabled from performing any duty pertaining to his business or occupation, and under the regular treatment of a physician or surgeon, the Company will pay for such loss of time for a period of not to exceed one year, double the amount provided in Section 'D' hereof. If such injury results in the death of the 'insured' within the time provided in Section 'A' hereof the amount payable hereunder shall be double the sum provided in Section 'B' hereof.

"The condition, limitations, benefits and privileges described on the following pages hereof form a part of this

contract as fully as if recited over the signature hereto affixed.

"This policy is issued in consideration of the statements, agreements and conditions contained in the application hereof, copy of which is endorsed hereon and made a part hereof, and a policy fee of $5.00 and monthly premium of $3.50 which carries the insurance up to _____, 1929, at which time a like sum will be due and payable without notice, and a like sum on the same date of each month hereafter to maintain this policy in force.

" * * *

### "ACCIDENTAL DISABILITY BENEFITS

"Section 'D':

"If such injuries shall alone from the date of the accident, wholly and continuously, totally disable and prevent the injured from performing any and every duty pertaining to any occupation, during which time the insured requires and receives regular medical treatment from a Doctor (Satisfactory to the Company) at least once each seven days, benefits will be paid at the rate of $50.00 per month, or $1.66 per day continuing so long as the insured lives and continues so disable.

" * * *

### "MONTHLY SICKNESS BENEFITS

"Section 'G':

"If the insured is totally disabled, necessarily and continuously confined in the home and therein treated by a Doctor (satisfactory to the Company) at least once each seven days due to disease or illness that originates more than thirty (30) days after this policy is issued or more than thirty (30) days from the date of any reinstatement, benefits will be paid at the rate of $50.00 per month or $1.66 per day.

"NON-CONFINING SICKNESS

"Section 'H':

"If immediately following total disability and house confinement as defined in Section 'G' and for the period of time during which the 'insure' shall be totally disabled from performing his or her duties, although not confined in the house, but receiving regular treatments from the physician at his office at least once each seven days, benefits will be paid at one-half the amount provided in Section 'G' hereof for a period of time not exceeding three consecutive months.
" * * *

"FATAL SICKNESS AND FUNERAL BENEFITS

"Section 'K':

"If the death of the insured results alone from disease or illness that is contracted or has its beginning as provided in Section 'G' hereof, and while this policy is in full force and effect, the company will pay as a funeral benefit the sum shown below:

"After three months_____$ 25.00
After six months_____ 50.00
After twelve months_____ 100.00

"Provided the policy has been in continuous force and effect without delinquency for the periods stated above immediately preceding death. In case the insured is over fifty years of age at the time of death the above sums shall be reduced 50 percent; if over sixty years of age at the time of death the benefits above provided shall be reduced seventy-five percent, and shall be subject to all terms and conditions of the policy and payable to the beneficiary if surviving, otherwise to the Administrators or assigns.
" * * *

"Non-Cancellable Provision

"Section 'M':

"This policy shall not be cancellable by the Company for the period for which it is originally issued, nor for any like term for which it may be renewed (except for fraud or misrepresentation), but this provision shall not be construed to prevent termination of the insurance hereunder upon failure to pay the agreed premiums on the due dates. Any renewal hereof shall be at the option of the Company.

" * * * "

The record shows that after counsel for the respective parties announced in open court that no further evidence was to be offered, the trial court sustained a motion and directed a verdict for the plaintiff, thereby holding that the question before the court was one for the court to decide, i.e., the construction or interpretation of the terms of the policy, as a matter of law, and that there was no question of fact to be decided by the jury. We think in this conclusion the trial court was eminently correct.

The question posited and to be decided by this Court is: Did the policy insure Martin Hunt against death from illness? The answer to this question must be determined from the context of the policy: The language of the policy idemnifies for loss of life, limb, sight and time by accidental means and for loss of time and death from sickness as therein limited and provided, and limits its liability under the terms of the policy for death benefits at beginning to the sum of $500.00, and the maximum liability for death benefits at the sum of $1,000.00. The policy insured Martin Hunt against the effects of bodily injury by accidental means and against disability and death from illness contracted and which had its beginning after thirty days from the date of issuance of the policy or more than thirty days

from last reinstatement, as provided in Sections "G," "H" and "K," *supra*.

Counsel for plaintiff in error contend that there is no liability under the terms of the policy for death by sickness and recovery thereon is limited under the terms of the policy to accidental death and that the record shows that the insured died from sickness and not from accidental causes, and for this reason a recovery for the plaintiff below is reversible error. If such a construction is given to the policy, it would be a limited and narrow interpretation and one not contemplated by the parties when the policy sued upon was delivered, but a construction covering death by sickness appeared to be the intention and desire of the parties when the policy was delivered and the first premium paid.

We think the case at bar is ruled by New York Life Ins. Co. v. Kincaid, 136 Fla. 120, 186 So. 675, when this Court said:

"It is a well recognized rule of construction and interpretation of contracts for insurance that the contract or policy must be liberally construed in favor of the insured so as not to defeat, without plain necessity, his claim to the indemnity which, in making the contract of insurance, it was his purpose and intention to obtain. See National Surety Co. v. Williams, 74 Fla. 446, 77 So. 212; Aetna Casualty & Surety Co. v. Cartmel, 87 Fla. 495, 100 So. 802, 35 A. L. R. 1031. Likewise ambiguous terms, conditions or provisions in a contract of insurance are to be fairly construed in favor of the insured. See Travelers' Ins. Co. v. Peake, 82 Fla. 128, 89 So. 418; Price v. Prudential Ins. Co., 98 Fla. 1044, 124 So. 817. In the case of L'Engle v. Scottish Union & Nat. Fire Ins. Co., 48 Fla. 82, 37 So. 462, 67 L. R. A. 581, 111 Am. St. Rep. 70, 5 Ann. Cas. 748, this Court held that in construing the different provisions of a contract of in-

surance, all must be so construed, if it can reasonably be done, as to give effect to each. Where two interpretations equally fair may be given, that which gives the greater indemnity will prevail. If one interpretation looking to the other provisions of the contract and to its general object and scope would lead to an absurd conclusion, such interpretation must be abandoned, and that adopted which will be more consistent with reason and probability. In all cases the policy must be liberally construed in favor of the insured. See Queen Ins. Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L. R. A. 1917D, 1091; Elliott v. Belt Automobile Ass'n., 87 Fla. 545, 100 So. 797."

It is, next contended that the policy lapsed because of the failure to pay premiums when due. We have examined the evidence as disclosed by the record on this point and fail to find merit in this assignment. There is no error in the record.

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.