247 So.2d 514 (1971)
EAGLE STAR INSURANCE COMPANY LIMITED OF LONDON, ENGLAND, a Foreign Corporation, Appellant,
v.
Dr. Sol M. ROSS, Appellee.
No. 70-640.
District Court of Appeal of Florida, Third District.
April 20, 1971.
Rehearing Denied May 26, 1971.
Fowler, White, Humkey, Burnett, Hurley & Banick and Reginald M. Hayden, Jr., Miami, for appellant.
Alvin N. Weinstein, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant, Eagle Star Insurance Company Limited of London, England (Eagle Star), the defendant below, seeks review of a final judgment entered in favor of the plaintiff after a non-jury trial for breach of a marine "hull" insurance provision.
Eagle Star issued a policy covering the "Shik-Sea," an 18 foot vessel owned by the plaintiff, Sol M. Ross. Plaintiff's claim for damages against Eagle Star resulted from a loss suffered by him when the "Shik-Sea" sank while being towed by plaintiff's houseboat at a point near the main axis of the Gulf Stream about 20 miles from Miami. The sinking occurred during a return trip from Bimini to Miami while the "Shik-Sea" was being towed with no one aboard at about 6 to 7 knots on a 50 foot bridle. The seas were 3 to 4 feet, described by plaintiff as a "following sea." The evening before, there had been rain but prior to leaving Bimini the bilge was checked and drained. Immediately after the sinking the power was applied to the houseboat which was doing the towing and this resulted in raising the "Shik-Sea." Upon arriving in Miami, the hull was inspected and found to be sound.
*515 Eagle Star denied coverage on the grounds that there was a breach of a navigational limitation; there was no coverage as a marine "peril," and there was a failure of the insured to use due diligence at the time prior to the casualty.
The question presented is whether the trial court was correct in determining that under the marine hull insurance there was coverage of the marine casualty, in light of certain warranties and limitations of coverage in the policy:
"Special Conditions Navigational limits Warranted by the assured the within named vessel shall be confined to inland and coastal waters of the State of Florida."
* * * * * *
"Perils Touching the adventures and perils which we, the Assurers, are contented to bear, and do take upon us, they are all of the seas, rivers, lakes and/or other inland waters, fire, assailing theives, jettisons, barratry of the Master and Mariners, and of all other like perils, losses and misfortunes, that have or shall come to the hurt, detriment or damage of said yacht or any part thereof."
Appellant contends that the trial court should have directed a verdict at the close of the plaintiff's case and erred in finding that there was coverage.
Eagle Star contends that "inland, coastal waters of the State of Florida" means waters within the boundaries of the State of Florida and that the casualty occurred outside the boundaries of the State of Florida.
Eagle Star further asserts that there is no coverage as the "perils of the sea" provision includes only fortuitous events resulting in loss, and does not extend to the negligence, nor was it intended to cover negligence, of the owner-assurred. The trial court resolved these issues against appellant and no error has been shown in the record.
We find the policy to be ambiguous and apply the well-settled rule that where a warranty in a marine hull insurance policy would work a great hardship, policy language will be construed quite strictly in the assured's favor. The instant policy does not expressly limit navigation to the state boundaries. If appellant had wished to limit navigation to the state boundaries, it could have done so in clear, unambiguous language.
We conclude that the casualty was covered and that no reversible error has been demonstrated. Therefore, the judgment appealed is affirmed.
Affirmed.