COX, JOHN S., Associate Judge.
This case was originally before this court on an appeal from a Summary Final Judgment entered in favor of the Appellee by the trial court on November 9, 1973. By its opinion filed February 25, 1975, this court affirmed said Summary Final Judgment. Barnes v. Lincoln National Life Insurance Co., Fla.App. 1st, 1975, 330 So.2d 119.
However, on Petition for Rehearing filed by the Appellant, this court entered its Order on April 15, 1975, temporarily remanding the cause to the trial court for “its determination of whether or not its final summary judgment should or should not be modified” in view of the Appellant’s newly raised contention in the petition for rehearing calling attention of the Court for the first time to the “Incontestable” clause of the policy in controversy, which clause reads as follows:
“(b) No claim for benefits provided by this policy as a result of disability commencing after two years from the Policy *899 Date hereof shall be reduced or denied on the ground that a disease or physical condition, not excluded from coverage by name or specific description, which caused or contributed to the disability had existed prior to the effective date of this policy.”
Because of this “Incontestable” clause, the Appellant raised the point for the first time before this Court on Petition For Rehearing that since the Appellant’s disability (for which 60 months of $200.00 monthly benefits had been paid by Appellee under the policy) commenced more than two years after the issuance of the policy on February 24, 1965, lifetime monthly benefits cannot be denied or reduced on the ground that a disease or physical condition, not excluded from coverage by name or specific description, which caused or contributed to the disability had existed prior to the effective date of the policy.
Even though the assertion of this new ground or position was in direct violation of Rule 3.14(b) Florida Appellate Rules, this Court, as aforesaid, “temporarily” remanded the cause to the trial court for its consideration of the new ground or contention and for its supplemental order indicating whether or not the trial court had considered this position and contention before entry of the Summary Final Judgment appealed from.
Upon such “temporary” remand the trial court, on September 2, 1975, entered its “Order Granting Plaintiff’s Motion For Summary Judgment Upon Reconsideration Following Appeal”. The first sentence of said Order reads:
“This cause is now before this Court after reversal by the District Court of Appeal (1st District) of this Court’s summary judgment entered herein in behalf of the defendant, Insurance Company, dated November 9, 1973. * * * ” (Emphasis supplied)
Thus it is apparent that the trial court considered this Court’s Order of April 15, 1975 on the Appellant’s Petition For Rehearing as a reversal of the Summary Final Judgment of November 9, 1973. Such impression is perhaps understandable, but this Court’s temporary remand and request for a supplemental order from the trial court was certainly not Intended as a reversal of the Summary Judgment of November 9, 1973. Such action was taken solely to ascertain if the new contention had been presented to the trial court and if the trial court had considered the same prior to the entry of the Summary Final Judgment appealed from.
Apparently taking the April 15, 1975 Order of this Court on Petition For Rehearing as an implied mandate indicating this Court’s conclusion that the “Incontestable” clause would control the outcome of the case, the trial court on September 2, 1975 completely reversed its position and entered Summary Final Judgment for the Appellant and against the Appellee, predicating that judgment upon said “Incontestable” clause.
The parties have submitted supplemental briefs and the cause has been reargued before this Court pursuant to this Court’s Order of February 2, 1976 scheduling second oral argument.
Even though Appellant’s new contention concerning the applicability of the “Incontestable” clause of the policy was untimely raised and is violative of the specific provisions of Rule 3.14(b) Florida Appellate Rules, this Court must now pass on the contention since we, in effect, waived the rule by the entry of our Order of April 15, 1975 on the Appellant’s Petition For Rehearing. The fact that we now rule on that contention which was first raised in the Petition For Rehearing shall not be considered or construed as precedent for the proposition that this Court will at any time in the future allow new points or contentions, not previously assigned as error, briefed or argued, to be raised on Petition For Rehearing.
The basic insurance policy issued February 24, 1965 and here in controversy insures the Appellant against
“(1) disability as a result of accidental bodily injury sustained while this policy is in force and causing total disability which *900 commences while this policy is in force (herein called “such injury”); and “(2) disability from sickness originating after the Policy Date of this policy and causing total disability which commences while this policy is in force (herein called “such sickness”).”
The basic coverage of the policy also provides that
“Any disability which is caused or contributed to by (a) sickness or disease or medical or surgical treatment therefor or diagnosis thereof**** shall be indemnified only as a disability due to sickness, except that disability which is caused by bacterial or other infection which shall occur through and as a result of a visible wound caused by accidental bodily injury shall be indemnified as a disability due to an accidental bodily injury.”
(Emphasis supplied)
The so-called “Incontestable” clause, which is quoted earlier in this opinion, is contained in the “Policy Provisions” of the basic policy and prohibits the Appellee from denying or reducing coverage (after the policy has been in effect for two years) on the ground that “a disease or physical disability * * which caused or contributed to the disability had existed prior to the effective date of this policy”.
The benefits payable for total disability from either sickness or injury under the basic coverage of the policy consist of monthly payments of $200.00 each for a maximum of 60 months.
The “Lifetime Accident Indemnity During Total Disability”, for which the Appellant contends entitlement, is attached to the basic policy as a “rider” or “endorsement” and in its pertinent parts reads as follows:
“(a) Subject to the terms and conditions of the policy respecting the time and conditions under which the Monthly Indemnity shall become payable for total disability caused solely by accidental bodily injury, the time limit placed by the policy on the payment of the Monthly Indemnity is hereby removed so that if, pursuant to the terms of the policy, the Insured shall become entitled to the payment of the Monthly Indemnity for total disability caused solely by accidental bodily injury, the Company will pay the Monthly Indemnity periodically during the continuance of such total disability.” (Emphasis supplied)
This rider or endorsement is restrictive in nature and applies only to total disability caused solely by accidental bodily injury sustained subsequent to the effective date of the policy.
Appellant claimed benefits under the policy in 1967 (more than 2 years after the effective date of the policy) for total disability stemming from a lower back condition which dated back to 1963 (prior to the issuance of the policy). Appellant, in his application for insurance, had revealed to Appellee the operation he had undergone in May of 1963 for a ruptured disc in the lower back. On April 6, 1965 (less than two months after the policy was issued) the Appellant reinjured his back while at work and in the process of lifting a 75-pound box, but he had been experiencing increasing pain and discomfort in his low "back, radiating to his right hip and leg from November, 1964 (before he applied for the policy of insurance in question) until the box-lifting incident on April 6, 1965. On July 7, 1965 Appellant underwent a surgical operation and it was found that he had a recurrent disc protrusion at the fourth lumbar level, which related back to the 1963 operation, together with spurring and disc protrusion at the fifth lumbar level. The recurrent disc protrusion at L-4 and the spurring and disc protrusion at L-5 were surgically removed. No claim was made under the policy for the claimed injury of April 6, 1965.
Then in June of 1966 Appellant had a recurrence of back difficulty requiring medical attention, claiming that while he was at work on June 6, 1966 and down on his knees in the process of getting up he “felt a stinging pain in the low back, followed by stiffness, pain in the back radiating in right hip and leg all the way to the foot.” After two weeks of treatment he was returned to work. Again, no claim was made under the policy for this episode.
*901 Then on July 20,1967 the Appellant experienced a reoccurrence of pain in the low back while drying himself off after taking a bath. He had “bent over, had his right leg up on the side of the bathtub to dry his foot, and had a sudden sharp pain in the right lower hip and back”. On September 27, 1967 Appellant underwent further surgery at which time disc protrusion was removed on the left side of L-4, some small amount of recurrent disc and scarring removed on the right side of L-4, nerve decompression was performed and a bilateral spinal fusion at L-4 and L-5 levels was done. Appellant was never able to return to work after this last operation and had a re-fusion operation in April of 1969.
Appellant made claim for benefits under the policy for the 1967 incident and, after the 180-day waiting period prescribed in the policy had elapsed, he was paid benefits of $200.00 per month for a-total of 60 months by the Appellee.
The record which was before the trial court clearly shows that the 1965, 1966 and 1967 flare-ups were contributed to by the pre-existing disc trouble of 1963 and that the 1967 condition was additionally contributed to by prior surgery.
Even though the July 20, 1967 incident (which gave rise to the claim for disability benefits asserted in latter part of 1967) did not stem from “accidental bodily injury” within the meaning of the policy, still the Appellant was paid the maximum benefits of $200.00 per month for a full 60-month period. It is obvious from the record that these payments were made because of the “Incontestable” clause in the policy and that the benefits were paid not because of an “accidental bodily injury” suffered on July 20, 1967, but for “disability which is caused or contributed to by sickness or disease or medical or surgical treatment therefor or diagnosis thereof” which such disability is indemnifiable only as a disability “due to sickness” under the terms of the policy.
The “rider” or “endorsement” attached to the policy and providing for lifetime monthly benefits over and beyond the maximum 60 months provided for in the basic coverage is restrictive in nature and pertains only to total disability caused solely by accidental bodily injury. It is obvious from the record that Appellant’s total disability stemming from the July 20, 1967 incident was not caüsed solely by accidental bodily injury, but was caused or contributed to not only by the pre-existing back condition dating back to 1963 but also to prior surgical treatment to the same area.
Accordingly, thé “Incontestable” clause is ineffective to overcome the plain and restricted requirements of the “Lifetime Benefits” “rider” or “endorsement” and the Appellant has received all benefits to which he was entitled under the policy of insurance in controversy.
As said in this Court’s original opinion filed February 25, 1975:
“The trial court had before it the depositions of two physicians, who had previously treated Appellant, concerning the nature and cause of Appellant’s present disability. The testimony of each physician corroborated the other to the effect that Appellant’s present disability all relate back to his 1963 surgery for a disc disease. Thus, we find that the trial court was correct in entering summary judgment for Appellee on the basis that Appellant’s present disability did not result solely from accidental bodily injury occurring subsequent to the effective date of the policy — February 24, 1965.”
We now reaffirm that original opinion. Accordingly, the Summary Final Judgment entered November 9, 1973 is hereby affirmed and this cause is hereby remanded to the trial court with directions to vacate and set aside the “Order Granting Plaintiff’s Motion For Summary Judgment Upon Reconsideration Following Appeal” which was entered on September 2, 1975, and to reinstate the “Order Granting Defendant’s Motion For Summary Judgment” which was entered on November 9, 1973.
SMITH, J., concurs.
BOYER, C. J., specially concurs.