382 So.2d 106 (1980)
George ZAUTNER, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 79-1501.
District Court of Appeal of Florida, Third District.
March 25, 1980.
Arthur Lee Willner, Miami, for appellant.
Lane, Mitchell & Harris and Byron B. Mathews, Jr., Miami, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
SCHWARTZ, Judge.
Liberty Mutual issued Zautner a Personal Articles Floater Policy insuring his outboard motor and 22-foot outboard boat, which were within an insured "Class of Property" designated in the policy as "outboard boats and motors." The policy also contained a "newly acquired" clause which stated:
NEWLY ACQUIRED OU OARD MOTORS OR BOATS

The insured agrees to notify the company of any outboard motor or boat, ownership of which is acquired by the insured during the policy period, within thirty days following such acquisition date. The limits of liability of such newly acquired outboard motors or boats shall be the actual cash value subject to the deductible amount, if any, shown in this form for similar insured property. The insured shall pay any additional premium required because of the application of insurance to such newly acquired outboard motors or boats. [e.s.]
*107 As the parties stipulated below, on May 5, 1978  within the policy term  Zautner acquired a 25-foot in board boat powered by two in board engines. On the next day, May 6, 1978, the inboard boat sustained extensive property damage when its steering failed while it was under way.
Zautner sued Liberty Mutual for the loss under the "newly acquired" provision. The trial judge denied the plaintiff's, but granted the defendant's motion for summary judgment on the ground that the clause extended only to newly acquired out board boats. Zautner appeals and we reverse.
Perhaps the most familiar and widely-applied principle in the interpretation of insurance policies is that any reasonable doubt or real ambiguity must be resolved against the company. E.g., Hartnett v. Southern Ins. Co., 181 So.2d 524 (Fla. 1965); Inter-Ocean Casualty Co. v. Hunt, 138 Fla. 167, 189 So. 240 (1939); Drisdom v. Guarantee Trust Life Ins. Co., 371 So.2d 690 (Fla. 3d DCA 1979). This rule plainly applies to this case. Simply stated, it is at least uncertain as to whether the word "outboard," as used in the term "outboard motors or boats," modifies only the word "motors" to which it is juxtaposed, or modifies the word "boats" as well. If the company desired to insure only newly acquired "outboard boats," it could and should have made that clear by using the term "outboard motors or outboard boats," or indeed, the very expression, "outboard boats and motors" actually contained in another part of the same policy. The use of a different term is itself some indication of a more expansive "newly acquired" insuring agreement. Cf. James v. Gulf Life Ins. Co., 66 So.2d 62 (Fla. 1953). In any event, it is surely not an unreasonable construction of the provision in question that it insures all newly acquired boats or newly acquired "outboard motors." See also Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla. 1975), and cases cited; Eagle Star Ins. Co. of London, England v. Ross, 247 So.2d 514 (Fla. 3d DCA 1971). The trial court was therefore required, as a matter of law, so to interpret the policy. See Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392 (Fla. 1st DCA 1979), and cases cited. Since there is no dispute that the plaintiff suffered an otherwise-covered loss to his newly acquired "boat," we reverse the judgment under review and remand for the entry of summary judgment as to coverage in favor of the plaintiff.
Reversed and remanded.