424 So.2d 191 (1983)
Douglas HULSE, Appellant,
v.
BLUE CROSS/BLUE SHIELD OF FLORIDA, INC., Appellee.
No. 81-1508.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
Bryan C. Hugo, Longwood, for appellant.
Larry J. Townsend of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a judgment in accordance with a motion for directed verdict. The question of appellee's liability on a health insurance policy purchased by appellant was submitted to the jury which was unable to reach a verdict. The court then entered judgment in accordance with the motion for a directed verdict.
Appellant applied for a policy on November 15, 1979, and paid the first premium. Blue Cross assigned December 1, 1979, as the effective date. No health examination was required.
Two provisions of the policy concern us here. Under Section 6, titled "Waiting Periods for Pre-existing and Other Conditions," is the following:

*192 Except for the following specific conditions, services or benefits, your coverage will begin on the effective date printed on the front of this contract.
* * * * * *
B. In addition, you will not be eligible to receive benefits for one year following the effective date of your coverage for treatment of any pre-existing condition or illness. A condition is pre-existing if it existed on or before the effective date of your coverage, and you were aware of its symptoms, even if the condition had not been specifically diagnosed.
* * * * * *
And, under section 8, titled "Exclusions": Benefits will not be provided for:
* * * * * *
P. Services during the first two (2) years of coverage for any condition or mental or physical handicap which first manifested itself prior to the effective date of this contract. (emphasis added)
Appellant, a jet pilot, was required to obtain a physical examination every six months. He was examined and obtained a 1st Class medical certificate on November 20, 1979. As part of the examination, an EKG was performed necessitating the placement of electrodes around his neck. There were no adverse findings of abnormality as to his neck and apparently the Doctor noticed nothing unusual. On November 25, 1979, appellant flew to New York and Cincinnati, returning on November 30, 1979. The next day, December 1, 1979, while shaving he noticed a lump under the right side of his chin. He consulted a Doctor on December 3, 1979, who diagnosed the condition as a cyst. Upon its removal, it was discovered to be cancer and would necessitate surgical removal of one-half of his thyroid gland. That surgery took place at Shands Teaching Hospital in January, 1980.
Appellant made a claim for benefits under the Blue Cross policy. Blue Cross denied coverage on the basis that the condition existed prior to the effective date of the policy.
When a judgment based on a directed verdict is appealed, this court must read the evidence in a light most favorable to the party against whom the verdict is directed, resolving every conflict and inference for that party. Only if the reviewing court concludes that a trier of fact could not have reasonably differed as to the establishment of a material fact or inference and the moving party was entitled to a judgment as a matter of law, can the court affirm the judgment. McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981).
The parties do not dispute that if the claimant was aware of the condition or if a condition manifested itself before the effective date of coverage, then benefits are properly denied to the claimant. The definitions of pre-existing conditions contained in the application and policy are not identical. The application defines a condition as pre-existing as: "Health conditions which you may presently have." In section 7, the policy defines it: "[I]f it existed on or before the effective date of coverage and you were aware of its symptoms." Section 8 of the policy states, "[W]hich first manifested itself prior to the effective date of this contract."
The definitions are clearly ambiguous within the policy itself. Where a policy is capable of two constructions, the court should adopt the construction favorable to the insured. Continental Casualty Company v. Gold, 194 So.2d 272 (Fla. 1967); Zautner v. Liberty Mutual Insurance Co., 382 So.2d 106 (Fla. 3d DCA 1980). The rule of liberal construction is particularly applied to avoid forfeiture or to limit the effect of exception to or limitations upon coverage. J. Appleman, Insurance Law & Practice § 7438 (1976).
There is no dispute that the policy became effective on December 1, 1979. Therefore, if appellant did not discover the existence of the tumor and was not otherwise aware of its symptoms until December, coverage should be afforded by the policy.
*193 There was, however, a factual dispute as to when appellant first discovered the existence of the tumor and called the doctor. Appellant contended he discovered it on December 1, 1979. The doctor said he thought his office had been called by appellant before December 1. The resolution of this factual dispute was for the jury, not the court.
We therefore REVERSE the order granting the motion for a directed verdict and REMAND for trial.
ORFINGER, C.J., and COBB, J., concur.