551 So.2d 535 (1989)
Frank DiFRANCO, Katie DiFranco, and Peter DiFranco, Appellants,
v.
NATIONAL FOUNDATION LIFE INSURANCE COMPANY, Appellee.
No. 88-2804.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Rehearing Denied November 16, 1989.
Mark D. Press, Miami, for appellants.
Carlton, Fields, Ward, Emmanuel, Smith & Cutler, and Michael Smith, Tampa, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Frank and Katie DiFranco and their minor son Peter DiFranco from an adverse final summary judgment which found no insurance coverage for the plaintiff Peter DiFranco's medical treatment for a mental disorder *536 under the plaintiffs' health insurance policy with the defendant National Foundation Life Insurance Co., and denied the plaintiffs' cross motion for partial summary judgment. We reverse the final summary judgment under review and remand the cause to the trial court with directions to grant, in part, the plaintiffs' cross motion for summary judgment and to strike the second, third, and fourth affirmative defenses raised in the defendant's amended answer defenses. We reach this result based on the following briefly stated legal analysis.
First, the insuring clause of the subject insurance contract is extremely ambiguous. On the one hand, this clause provides coverage for certain specified medical expenses resulting from a "sickness" of an insured; a "sickness" is defined as an "illness or disease of any [i]nsured which first manifests itself thirty (30) days after the [e]ffective [d]ate of [i]nsurance and while the policy is in force." On the other hand, the insuring clause also provides in its last paragraph:
"PRE-EXISTING CONDITION LIMITATIONS  As hereinafter set forth in the EXCLUSIONS, EXCEPTIONS AND LIMITATIONS section of this policy, a Pre-existing Condition, as defined in this policy, if not excluded by name or specific description on the date of loss, shall be covered only after this policy has been in force for a period of two years. A congenital anomaly of a covered dependent child shall not be considered a Pre-Existing Condition." (emphasis added).
A "pre-existing condition" is defined as "[a] condition of an insured person for which medical advice or treatment was recommended by a physician or received from a physician within a five (5) year period preceding the Effective Date of coverage for the insured person." It is therefore entirely unclear whether this policy only covers an illness or sickness which manifests itself after a certain period subsequent to the effective date of the policy, or whether it also includes an illness or disease which both pre-exists and manifests itself prior to the issuance of the insurance contract when, as here, such contract has been in force for two years. Given this ambiguity in the insuring clause, it is clear that (1) the summary judgment denying insurance coverage for medical expenses arising from the plaintiff Peter DiFranco's mental disorder, which (a) pre-existed and manifested itself prior to the effective date of the subject policy, and (b) resulted in medical expenses incurred after the subject policy had been in effect for over two years, was erroneously entered; and (2) the defendant's affirmative defenses denying insurance coverage in this action (Second and Third Affirmative Defenses of defendant's amended answer defenses) should have been stricken below. We have not overlooked the defendant's extensive arguments to the contrary, but are not persuaded thereby. See, e.g., Continental Casualty Co. v. Gold, 194 So.2d 272 (Fla. 1967); Hulse v. Blue Cross/Blue Shield of Fla., Inc., 424 So.2d 191 (Fla. 5th DCA 1983); Zautner v. Liberty Mut. Ins. Co., 382 So.2d 106 (Fla. 3d DCA 1980).
Second, the incontestability clause of the subject insurance policy, as required by Section 627.607, Florida Statutes (1987), clearly precludes the defendant from raising the affirmative defense that the plaintiffs failed to fully and completely disclose the prior medical treatment and history of the plaintiff Peter DiFranco. (Fourth Affirmative Defense of defendant's amended answer defenses). Without dispute, the subject insurance policy had been in effect for over two years when the claimed loss was incurred in this case; plainly, the incontestibility clause precludes such a defense under the above circumstances.
Reversed and remanded.