595 So.2d 238 (1992)
AETNA INSURANCE COMPANY, Appellant,
v.
Kenneth L. DUDNEY, Barbara M. Dudney and Pamela Barry Snyder a/k/a Pamela Barry Schneider, f/k/a Pamela Barry, Appellees.
No. 91-2162.
District Court of Appeal of Florida, Fourth District.
March 4, 1992.
Richard J. McAlpin of Mitchell, McAlpin & Associates, P.A., Miami, for appellant.
Robert H. Schwartz of Gunther & Whitaker, P.A., Fort Lauderdale, for appellees-Dudney.
PER CURIAM.
Aetna Insurance Company [Aetna] appeals the final judgment entered in the *239 declaratory action below. Aetna contends that the trial court should have applied Federal law to determine whether coverage existed under the marine insurance contract for appellees' yacht. We agree and reverse and remand for further proceedings consistent with this opinion.
The policy contained the following navigational limit warranty:
In consideration of the premium charged, it is warranted that the insured yacht is confined to Atlantic and Gulf coastwise and inland tributary waters of the United States and Canada between St. John, New Brunswick, and Carrabelle, Florida, both inclusive, but not north of Moorehead City, North Carolina, between November 1st and March 31st both days inclusive for the period from 10-6-85 to 10-6-86.
In March of 1986, the appellees chartered their yacht "Lady Encore" to an individual, who sailed it to the Bahamas. A month later, while the vessel was docked in Nassau, a crew member sustained an injury when she slipped and fell on the yacht. After the crew member sued appellees, Aetna, under a full reservation of rights, undertook the defense of appellees. Aetna then filed a declaratory action to determine whether coverage existed under the policy. The trial court ruled that the breach of the warranty did not operate to defeat coverage and entered final judgment finding that the policy provided liability coverage for the crew member's injury. The trial court chose to apply Florida law and relied on Eagle Star Insurance Company, Ltd. v. Ross, 247 So.2d 514 (Fla. 3d DCA 1971) and Proprietors Insurance Co. v. Seigel, 410 So.2d 993 (Fla. 3d DCA 1982) as authority for its ruling.
The parties agree that a conflict exists between state and federal law as to whether a breach of a warranty that does not increase the hazard can render a marine insurance contract void. Section 627.409(2), Florida Statutes (1987) (emphasis added) states:
A breach ... of any warranty ... or provision of any wet marine ... insurance policy ... shall not render void the policy ... or constitute a defense to a loss thereon, unless the breach increased the hazard by any means within the control of the insured.

However, federal law, as summarized in Port Lynch v. New England Int'l Assurety of America, Inc., 754 F. Supp. 816, 819 (W.D.Wash. 1991) (emphasis added) indicates:
[A] breach of an express taking or navigational warranty releases the insurance company from liability even if compliance with the warranty would not have avoided the loss.

We hold that the trial court erred when it applied Florida law. State law cannot be utilized to interpret a warranty in a marine insurance contract if the federal judiciary has established a rule as to the interpretation of that type of warranty. Wilburn Boat Co. v. Fireman's Fund Ins. Co., 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). Federal courts have recognized that for over forty years strict construction of navigational limit warranties has been an established admiralty rule of the federal judiciary. Lexington v. Cooke's Seafood, 835 F.2d 1364 (11th Cir.1988); Port Lynch, 754 F. Supp. at 819. Therefore, sub judice, federal law should have governed and the trial judge should have found that coverage did not exist in Nassau even though appellee's breach of the warranty did not increase the hazard that caused the crew member's injuries.
We distinguish Eagle Star which found coverage because the wording of that contract created an ambiguity. The Eagle Star sank twenty miles off the coast of Florida and its navigational limit warranty confined the vessel "to the inland and coastal waters of the State of Florida." Sub judice, no ambiguity exists because Nassau, Bahamas, is clearly beyond the limits of the "coastwise and inland tributary waters of the United States." We also distinguish Proprietors Insurance which concerned an ambiguity as to whether that contract covered a chartered vessel, not an issue here.
*240 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
HERSEY, STONE and GARRETT, JJ., concur.