PER CURIAM.
Barbara Lubin (hereinafter “Lubin”), plaintiff below, appeals a final judgment denying her claim for total disability benefits under the Provident Life and Accident Insurance Company’s (hereinafter “Provident”) insurance policy. Lubin also appeals the trial court’s determination that Provident could lawfully rescind her insurance policy due to Lubin’s fraudulent misrepresentations on her application for the insurance policy.
On January 5, 1990, Lubin submitted her application for a disability insurance policy to Provident. The insurer approved her for coverage and issued a policy with an effective date of March 1, 1990. On March 28, 1993, Lubin submitted a claim for total disability benefits to Provident. On her claim form, she described the nature of her total disability as daily migraine headaches. Subsequent to the submission of her claim, however, on August 11, 1993, Provident denied Lubin’s claim for total disability benefits. Provident alleged that Lubin had made numerous material misrepresentations on her application for insurance and, as a result, her claim was being denied and her policy was being rescinded.
On September 14,1993, Lubin brought this cause of action seeking to recover disability benefits under the policy. Provident filed an answer and filed a two-count counterclaim seeking to rescind the policy due to Lubin’s fraudulent misrepresentations in her insurance application. Provident also sought a declaration that no benefits were payable to Lubin because there was no covered loss as her disabling condition first manifested itself prior to the effective date of the policy. The trial court bifurcated Provident’s equitable *754 claim for rescission and Lubin’s legal claim for benefits and conducted a non-jury trial solely on Provident’s rescission claim. The trial court then found that Lubin had committed fraud in her application and entered a-final judgment for Provident on June 1,1995 thus rescinding the policy.
We have recently addressed this same issue in Kaufman v. Mutual of Omaha Insurance Co., 681 So.2d 747 (Fla. 3d DCA 1996) where we reversed a final summary judgment in favor of the insurer on a very similar set of facts. Therefore, based upon the authority of Kaufman, we reverse and remand this case to the trial court with instructions to reinstate the insurance policy thus allowing Lubin to recover her disability benefits under said policy.
Reversed and remanded.