BOUTALL, Judge.
This appeal is from a summary judgment interpreting a double indemnity clause in a life insurance policy.
Ruth Morgan McKenzie sued New York Life Insurance Company alleging that she was entitled to receive as beneficiary the sum of $5,000 pursuant to the double indemnity provisions contained in the policy of life insurance issued by defendant to her husband. New York Life filed a motion for summary judgment which was met by a counter motion for summary judgment on behalf of plaintiff. The motions were heard and the motion of New York Life was granted, dismissing plaintiff’s suit. She appeals. We affirm.
The material facts are not in dispute. On September 5, 1960, New York Life Insurance Company issued a life insurance policy in the face amount of $5,000 to Mr. William W. McKenzie with Mrs. McKenzie as beneficiary. On April 4, 1977, he was accidentally killed when the aircraft he was piloting as Captain for Southern Airways, Inc. crashed near New Hope, Georgia. New York Life paid a claim for benefits to Mrs. McKenzie together with certain interest dividends. However, payment of the double indemnity benefit was refused by the insurer on the basis of an exclusion clause contained within the policy.
The pertinent portion of the exclusion reads as follows:
‘ “However, no Double Indemnity Benefit will be payable on account of the death of any person which . . .results from . . . (iii) travel or flight in any kind of aircraft (including falling or otherwise descending from or with such aircraft in flight) while such person is participating in aviation training in such aircraft, or is a pilot, officer or other member of the crew of such aircraft..."
The issue in this appeal is the application of that clause to the undisputed facts. Appellant contends that the exclusion clause is ambiguous and alternatively that it has been modified by a previous endorsement in the policy. The trial judge found that the exclusion was not ambiguous, and we agree.
The appellant would have us construe the exclusion to apply only when the aircraft or the insured is participating in aviation training, in other words, to have us construe the disjunctive “or” as the conjunctive “and”. We cannot agree with such a strained interpretation. The words plainly mean exactly what they say and the phrases “with such aircraft”, “in such aircraft”, and “of such aircraft” refer back to “in any kind of aircraft”. Thus in the quoted exclusion clause there are two exclusions, one which pertains to aviation training, and the other which pertains to being a pilot, officer or other member of the crew of any kind of aircraft. See New York Life Insurance Co. v. Jones, 224 F.2d 33 (5th Cir. 1955).
Appellant also contends that the exclusion clause has been modified in some manner by an endorsement which had been placed in the policy at its inception. That endorsement is entitled “Additional conditions relating to aviation” and was placed in the policy because at that time Mr. McKenzie was engaged in aviation training. However, that endorsement was cancelled on December 9, 1960 shortly after Mr. McKenzie was hired by Southern Airways as a commercial pilot. We conclude that that endorsement is entirely irrelevant to the issue at hand, and pertained mainly to the payment of the face amount of the policy. In any event it was long since cancelled and forms no part of the present policy.
Accordingly, for the reasons assigned, the judgment is affirmed.

AFFIRMED.